# COUNTY OF WALDO.

INHABITANTS OF FRANKFORT *versus* INHABITANTS OF WINTERPORT.

When part of a town is set off and incorporated into a new town, resident paupers, who had acquired a settlement in the old town, subsequently have their settlement in the town in which they resided when the Act of incorporation took place, unless the Act makes different provisions.

The Act incorporating the town of Winterport contains no provisions in conflict with this principle.

ON AGREED STATEMENT. ASSUMPSIT to recover $125,22, expended in support of Horatio Whitten and family; and the only question was in regard to the settlement of the paupers. It was agreed that they had their settlement in the old town of Frankfort, at the time of its division, and were not then chargeable as paupers; that, at the time they became chargeable, they had not resided five successive years within the limits of the present towns of Frankfort or Winterport; and that, when said Act took effect, they resided in the present town of Winterport.

*W. G. Crosby*, for plaintiffs.

*N. H. Hubbard*, for defendants.

The opinion of the Court was drawn up by

WALTON, J.—This is an action of assumpsit to recover the amount expended by the plaintiffs for the support of one Horatio Whitten and family. The relief commenced January 4, 1861. The plaintiffs allege that the settlement of Whitten and his family was at that time in Winterport. This the defendants deny. The case is before us upon an agreed statement of facts.

By an Act of the Legislature, approved March 12, 1860, part of the town of Frankfort was set off and incorporated into a new town by the name of Winterport. At this time, Whitten and his family had resided more than five years together in the town of Frankfort, and had thereby gained a settlement in the town; and, when the Act incorporating the new town took effect, dwelt and had their homes upon the territory included in it. Having their settlement in the old town, and actually dwelling and having their home upon the territory included in the new town, when the Act dividing the old town and incorporating the new town took effect, gave the paupers a settlement in the new town of Winterport. *Eddington* v. *Brewer*, 41 Maine, 462.

Such, we think, is the reasonable construction of such a division of a town, wholly independent of any express statute provisions in the Act of division relating to the settlement of paupers; and it is therefore unnecessary to consider whether or not the case of this pauper and his family falls within the provision of the third section of the Act dividing Frankfort.

*Judgment for plaintiffs, for the amount*
*sued for and interest from date of the writ.*

APPLETON, C. J., CUTTING, KENT, DICKERSON and DANFORTH, JJ., concurred.

NOTE BY KENT, J. — There is an omission of a single word in R. S. of 1857, c. 24, § 1, clause 4, which renders the sentence obscure, if not self-contradictory.

The language is, "when a town composed *in* part of one or more existing towns is incorporated, persons *settled* in such existing town or towns, *who* had *begun to acquire a settlement therein*, and whose homes were in such new town at the time of its incorporation, have the same rights, incipient and absolute, respecting settlement, as they would have had in the town where their homes formerly were."

This is a transcript in substance from the R. S. of 1841, c. 32, § 1, clause 4, except that the word " or" is omitted. The Act of 1841 is, " when any new town shall be incorporated, composed *of* a part of one or more old incorporated towns, every person, legally settled in any town of which such new town is wholly or partly so composed, or who has begun to acquire a settlement therein, and who shall actually dwell and have his home within the bounds of such new town, at the time of its incorporation, shall have the same rights in such new town in relation to the settlement, whether incipient or absolute, as he otherwise would have had in the old town where he dwelt." The manifest intention of the Legislature is clearly seen in the old statute, and the omission of the word " or,"— which is necessary to make the sentence unambiguous, was manifestly unintentional, and should be supplied.